HUGHES, Respondent, *vs.* FITZPATRICK, Appellant.

1. Where a case is tried by the court without a jury, and no motion for a review is made, the supreme court will not review the finding of facts, but will affirm if the finding supports the judgment.

*Appeal from St. Louis Law Commissioner's Court.*

*Blennerhassett & Shreve,* for appellant.
*S. H. Gardner,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by respondent against the appellant for the recovery of the possession of a house and lot under the landlord and tenant law of St. Louis county. The suit was commenced before a justice of the peace, where the plaintiff below had judgment, and the defendant appealed to the law commissioner's court of St. Louis county, where both parties having waived a jury, a trial was had before the court, and the plaintiff below again had judgment, from which the defendant appealed to this court.

On the trial before the law commissioner, the evidence showed a demand of the rent claimed, and refusal by the defendant to pay. It was admitted that the defendant was in possession of the premises claimed ; that she had purchased them several years since of respondent, and had executed notes and a deed of trust on the property to secure their payment ; that the

premises in question were sold under said deed of trust, and bought by respondent some time in the spring of 1852. Afterwards, appellant made to plaintiff an instrument in writing, which was given in evidence, and is as follows:

" One month after date, I promise to pay R. T. Hughes, ten dollars for rent of his house on Gay street; rent being at ten dollars per month.

" MARY FITZPATRICK.

" May 8th, 1852."

The only question in the case was, whether or not this instrument had been obtained from appellant by fraud on the part of the respondent. Instructions were asked on both sides, all of which were given by the court, and the court found the facts. No motion for a review was made in the manner prescribed by the new code of practice.

1. From the statement above, it will be seen, that all the instructions prayed for were given by the law commissioner. These instructions were given upon the facts in evidence and were not objectionable. The only point in controversy was about the execution of the promissory note for ten dollars, for one month's rent. If this note was executed fairly and honestly by the party, the relation of landlord and tenant was established. The proof was conflicting, and the instructions were calculated to bring before the court, who tried the case without a jury, the question as to the way in which the note was obtained. Under the state of the evidence, as preserved by the bill of exceptions, these instructions were legal and proper. On the question of fact, this court will not review the finding.

The judgment below is affirmed, the other judges concurring.